IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| THE STATE OF NORTH DAKOTA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES DEPARTMENT OF INTERIOR, *et al.*, <br><br> Defendants. | No. 1:24-cv-66-DMT-CRH <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFF STATES' NOTICE OF RELATED CASE DEVELOPMENT** |

      Plaintiffs have filed a notice regarding the Tenth Circuit's recent vacatur of the Wyoming court's Order on Petitions for Review of Final Agency Action in *Wyoming v. United States Department of the Interior*, 493 F. Supp. 3d 1046 (D. Wyo. 2020) ("*Wyoming*"). Plaintiffs' Notice of Related Case Development (Pls.' Not.), Dkt. No. 44. Intervenors in the 2016 Waste Prevention Rule litigation appealed the *Wyoming* order in 2020, and the case was stayed in mediation until the promulgation of the 2024 Waste Prevention Rule rendered the appeal moot. *Wyoming v. United States Department of the Interior*, Nos. 20-8072, 20-8073, 2024 WL 3791170, *1 (10th Cir. Aug. 13, 2024). Upon motion by the intervenors, the Court of Appeals dismissed the appeal and vacated the District Court's opinion. *Id*. *2. The Federal Respondents did not take a position on vacatur.

      Defendants do not agree with Plaintiffs' interpretations of the Tenth Circuit order. Though Plaintiffs invoked *Wyoming* in fourteen paragraphs of their Amended Complaint and throughout their preliminary injunction briefing, *see* Dkts. 7, 10, they now frame the relevance of the vacatur of *Wyoming* in terms of Defendants' transfer motion. Pls.' Not. 1–2. But the vacatur

1

of *Wyoming* does not militate against transferring this case to the District of Wyoming. The Court of Appeals vacated the District Court's merits opinion and final judgment to "clear the path for future relitigation of the issues between the parties and prevent the ruling from spawning any legal consequences." *Id*. (cleaned up). The vacatur does not diminish the District of Wyoming's expertise in waste prevention regulation or that District's unique interest in this litigation. *See* Defs.' Renewed Motion to Transfer ("Defs.' Mot."), 7–13, Dkt. 9-1.

Plaintiffs also failed to note that Defendants' transfer argument focused on Plaintiffs' attempt to escape the Wyoming court's denial of their irreparable harm theories. *See Wyoming v. United States Dep't of the Interior*, No. 2:16-CV-0280-SWS, 2017 WL 161428, *10–11 (D. Wyo. Jan. 16, 2017). The Tenth Circuit did not vacate that preliminary injunction order, as Plaintiffs never appealed. Rather than appeal that order under 28 U.S.C. § 1292(a)(1), the four original Plaintiffs attempted instead to escape that adverse ruling by relitigating in this District the same irreparable injury arguments they lost in the District of Wyoming. *See* Defs.' Mot. at 14; *see also* Dkt. 17, at 4–5; Dkt. 20, at 25. The testimony of Lynn Helms at the preliminary injunction hearing confirms the significance of Plaintiffs' efforts to avoid litigating this case in the District of Wyoming, as Plaintiff North Dakota is "hoping that this Court will reach a conclusion that there is irreparable harm" based on the same three theories of irreparable harm found lacking by the Wyoming court. Tr. of June 18, 2024, Dkt. No. 33, 47:18–49:3. The Tenth Circuit's vacatur order of the *Wyoming* court's merits decision does not diminish the judiciary's institutional interest in preventing Plaintiffs from filing in another forum to escape the consequences of the Wyoming court's preliminary injunction ruling. Defs.' Mot. at 15–16.

Plaintiffs have not revealed whether they will continue to attempt to rely on *Wyoming* as persuasive authority now that it has been vacated. If they do, the District of Wyoming is best

2

positioned to review the meaning of its own opinion. *See* Dkt. No. 33, 126:16–25 (discussing judicial preference that courts review their own cases). The District of Wyoming remains best positioned to test Plaintiffs' theory that the challenged rule is beset by the same problems that the court identified in *Wyoming*. *See* Defs.' Mot. 6, 17–18.

Respectfully submitted this 28th day of August, 2024.

>TODD KIM
>Assistant Attorney General
>Environment and Natural Resources Division
>United States Department of Justice
>
>*/s/Erik Van de Stouwe*
>ERIK VAN DE STOUWE
>Trial Attorney
>U.S. Department of Justice
>Environment and Natural Resources Division
>Natural Resources Section
>P.O. Box 7611
>Washington, DC 20044-7611
>Tel.: (202) 305-0247
>Erik.Van.de.Stouwe@usdoj.gov
>
>*Counsel for Defendants*